IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ALEJANDRO NEAVE VASQUEZ,

    Petitioner,

v.    No. 1:19-cv-01206-JDB-jay

KEVIN GENOVESE,

    Respondent.

ORDER GRANTING MOTION TO DISMISS,
DISMISSING § 2254 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Alejandro Neave Vasquez, has filed a pro se habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 1.) Respondent, Kevin Genovese, has moved to dismiss the Petition as untimely. (D.E. 9.) For the following reasons, the motion to dismiss is GRANTED.

BACKGROUND

On April 25, 2016, following a plea of guilty, Vasquez was convicted in the Lake County, Tennessee, Circuit Court of possession of contraband in a penal institution and introduction of contraband into a penal institution. "The trial court imposed an effective four-year sentence at 30%, to be served consecutively to [his] prior sentences." *Vasquez v. State*, No. W2018-00692-CCA-R3-PC, 2019 WL 994179, at *1 (Tenn. Crim. App. Feb. 28, 2019), *appeal denied* (June 21, 2019). No direct appeal was taken.

On February 26, 2018, Petitioner filed a state-court petition for post-conviction relief. The post-conviction court dismissed the petition as untimely, and the inmate appealed to the Tennessee

Court of Criminal Appeals (the "TCCA"). *Id.* The TCCA affirmed, finding that the petition was time-barred. *Id.* at *2-4. The Tennessee Supreme Court denied permission to appeal on June 21, 2019. (D.E. 8-6.)

## DISCUSSION

Vasquez filed the Petition on September 5, 2019, the day he submitted the pleading to prison authorities for mailing. *See Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006) (per curiam) (citing *Houston v. Lack*, 487 U.S. 266, 274 (1988)) (prison mailbox rule applies to federal habeas petitions). He asserts therein that the state post-conviction court violated his right to due process by failing to hold an evidentiary hearing on the issue of whether the state statute of limitations period should have been equitably tolled (Claim 1), defense counsel provided ineffective assistance during the plea stage (Claim 2), "[t]he guilty plea [was] not knowing and voluntarily entered" (D.E. 1 at PageID 8) (Claim 3), and counsel was ineffective by providing improper advice about the prosecution's burden to prove that he "introduc[ed]" contraband into a penal facility (*id.* at PageID 2) (Claim 4). The inmate acknowledges that he filed the Petition after the limitations period expired but argues that equitable tolling is warranted.

On April 20, 2020, Respondent filed the state-court record and his motion to dismiss. (D.E. 8-9.) He maintains that Petitioner has not established grounds for equitable tolling. The Court agrees.

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's convictions became final. Because the inmate did not take a direct appeal, his convictions became final on May 25, 2016, which was thirty days after entry of judgment. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605, 609 (6th Cir. 2013) (holding that, where no appeal was filed, petitioner's conviction was final when the

3

time for a direct appeal expired); Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal . . . shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]").

The federal limitations period began running the next day, *see Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000), and expired one year later, on May 26, 2017.[1]  The Petition, filed in September 2019, is therefore late by over two years.

Petitioner, a native Spanish-speaker, insists that the limitations period should be equitably tolled "due to the language barrier, lack of any Spanish language legal books and materials, no Westlaw in Spanish and no Spanish speaking legal aides in the prison and no qualified Spanish/English interpreters." (D.E. 1-1 at PageID 20.) He claims that he "made 'repeated efforts' during the period of May 26, 2016, and beyond May 26, 2017, to obtain legal assistance of a Spanish-speaking legal aide, an inmate interpreter who could adequately understand his legal rights and remedies, and to develop his potential legal claims and translate that information to a legal aide who could adequately assist" him.  (*Id.* at PageID 64 (emphasis omitted).)  In support,

---

[1]The Antiterrorism and Effective Death Penalty Act ("AEDPA")'s statutory tolling provision does not apply here because Petitioner filed for state post-conviction relief on February 26, 2018, which was after the AEDPA limitations period expired.  As the Sixth Circuit has made clear, "[t]he [statutory] tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y.1998)).

.

he has filed exhibits showing that, during the period "September 25, 2015 to April 10, 2018," he forwarded written requests to prison officials seeking assistance. (*Id.* at PageID 64, 69-79 (emphasis omitted).) He contends that "inmate interpreters made the requests in [his] behalf[.]" (*Id.* at PageID 64 n.6.) Vasquez further avers that he submitted most of his requests to prison staff at the Northwest Correctional Complex ("NWCX"), where he is currently incarcerated.

In response, Genovese points out that the district court for the Middle District of Tennessee determined that these very same circumstances, asserted by Vasquez in a different § 2254 case, did not constitute extraordinary circumstances. *See Vasquez v. Phillips*, Case No. 3:18-cv-00802, 2020 WL 224500, at *5 (M.D. Tenn. Jan. 15, 2020), *cert. of appealability denied*, No. 20-5193, 2020 WL 4805576 (6th Cir. July 8, 2020). He submits that, for the same reasons set forth in the district court's decision in that case, this Court should find that equitable tolling is not warranted in the present matter.

The Court agrees with Respondent that Petitioner's Middle District of Tennessee case, which culminated in a Sixth Circuit decision issued after briefing in the present proceedings concluded, is dispositive of the equitable tolling issue. In the prior case, Vasquez filed a § 2254 petition challenging his Tennessee drug convictions. (*Vasquez v. Phillips*, Case No. 3:18-cv-00802 (M.D. Tenn.), D.E. 1 at PageID 1.) He acknowledged that he did not file his petition during the one-year limitations period but argued that he was entitled to equitable tolling. (*Id.*, D.E. 1 at PageID 13.) The inmate alleged that his native language was Spanish and that he made "repeated requests for assistance" from authorities at NWCX "beginning from, September 25, 2015 to April 10, 2018." (*Id.*, D.E. 2 at PageID 63.) In those written requests, he asked for "legal assistance of a Spanish-speaking legal aide, an inmate interpreter who could adequately understand his legal

5

rights and remedies, and to develop his potential legal claims and translate that information to a legal aide who could adequately assist" him. (*Id.*, D.E. 2 at PageID 63.) "He acknowledge[d] that the bilingual inmate interpreters at NWCX made four requests on his behalf during the limitations period (and five overall), for a Spanish-speaking legal aide or Spanish-language legal materials, but complains that the interpreters themselves 'possessed no more understanding [of the law or legal research] than the Petitioner with the exception of the ability to read, write and speak the English language.'" *Vasquez*, 2020 WL 224500, at *2 (internal record citation and footnote omitted) (second alteration in original).

The district court rejected Petitioner's equitable tolling argument. *Id.* It held that his "inability 'to understand, read, or write the English language' did not automatically entitle him to equitable tolling." *Id.* at *3 (quoting *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)). Instead, Vasquez was required to show that during the limitations period he diligently sought to obtain either Spanish language legal materials or the help of a Spanish language translator. *Id.* The court determined that Petitioner could not meet that burden because he admitted "that he had access to a translator able to communicate in English during the limitations period." *Id.* at *4. The court rejected Vasquez's argument that he was entitled to a translator who possessed "legal acumen." *Id.* Finding Petitioner had not shown his circumstances presented an extraordinary circumstance that would excuse the late filing, the court dismissed the petition. *Id.* at *5.

The inmate appealed. *Vasquez*, 2020 WL 4805576, at *1. In denying a certificate of appealability, the Sixth Circuit held that "[t]he *Cobas* court imposed no 'standards of competency on the English language translator[.]'" *Id.* at *2 (quoting *Cobas*, 306 F.3d at 444). The court found the record was "clear that there were translators available to" Vasquez, and held that "his

6

complaint [that] those interpreters . . . had no legal training or knowledge" was "insufficient to warrant [equitable] tolling[.]" *Id.* The court therefore determined that Petitioner had not made the threshold showing for entitlement to proceed on appeal. *Id.* at *3.

In the present matter, the conditions that Vasquez insists prevented him from filing the Petition within the limitations period are identical to those which the Sixth Circuit held did not constitute extraordinary circumstances. As discussed above, Petitioner complains in the instant case that he did not have access to Spanish language legal materials or to "an inmate interpreter who could adequately understand his legal rights and remedies, and [who could] develop his potential legal claims[.]" (D.E. 1-1 at PageID 64.) He concedes, however, as he did in his case before the Sixth Circuit, that he had access to, and actually utilized, inmate interpreters "from September 25, 2015 to April 10, 2018" to help him prepare written requests for assistance. (*Id.* (emphasis omitted).) That time span encompasses the May 2016 to May 2017 limitations period governing the instant action, and the record shows that three of the translated requests occurred during that period of time. (*See* D.E. 1-1 at PageID 74 (June 2016), 75 (August 2016), 76 (January 2017).) Therefore, because Petitioner had access to translation assistance—albeit through legally-untrained inmates—he has not shown that an extraordinary circumstance stood in the way of a timely filing.[2]

---

[2]As noted above, Claim 1 asserts that the state post-conviction trial court erred by failing to hold an evidentiary hearing on the state statute of limitations issue. "[E]rror committed during state post-conviction proceedings can not provide a basis for federal habeas relief." *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)). Therefore, even if Claim 1 had been timely filed, it would still be barred from review. *See, e.g.*, *Brown v. Warden, Lake Erie Corr. Inst.,* No. 1:11cv2765, 2014 WL 132367, at *17-18 (N.D. Ohio Jan. 14, 2014) (petitioner's claim that state court deprived him of due process by denying him a hearing on his post-conviction motion was non-cognizable in federal habeas).

Accordingly, as the Petition is untimely and the inmate has not established that he is entitled to equitable tolling, the motion to dismiss is GRANTED.  The Petition is hereby DISMISSED.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2)-(3).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition.  Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would

8

not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED this 2nd day of March 2021.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.